# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MICHAEL WAYNE TURNER (#129409)**               **CIVIL ACTION**
   **A/K/A MICHAEL CAPELLO**

**VERSUS**

**VA. DEPARTMENT OF PROB./PAROLE, ET AL.**         **NO. 10-0041-FJP-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 2, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL WAYNE TURNER (#129409)**  **CIVIL ACTION**
    **A/K/A MICHAEL CAPELLO**

**VERSUS**

**VA. DEPARTMENT OF PROB./PAROLE, ET AL.**  **NO. 10-0041-FJP-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, a prisoner confined at Elayn Hunt Correctional Center, St. Gabriel, Louisiana ("EHCC"), commenced this action pursuant to 42 U.S.C. § 1983 against the Virginia Department of Probation and Parole, Virginia Parole Board Supervisor Carol Buck and Virginia Parole Officer John Williams, complaining that his present confinement in the State of Louisiana was caused by the wrongful failure of the defendants to apprise officials in Louisiana that the plaintiff had been released from confinement in the State of Virginia in March, 2005.  As a result, the plaintiff was subjected to an alleged wrongful parole revocation in Louisiana in July, 2007, purportedly because the plaintiff failed to notify state officials, as he was required to do under the terms of his 2003 parole release, that he had been released from physical confinement in the State of Virginia.  He prays for an Order compelling the defendants, all located in the State of Virginia, to produce to the Louisiana Parole Board all documentation in their possession relative to the plaintiff.  He further prays that this Court should "correct [his] false imprisonment."

Under 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted.  Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis action is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or law.  Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A

§ 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.  Green v. McKaskle, supra.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

To the extent that the plaintiff prays for this Court to "correct [his] false imprisonment", it appears that the plaintiff's claim is one which must initially be brought as a habeas corpus proceeding and is not one which is properly pursued under 42 U.S.C. § 1983.  This determination is made by focusing on the scope of relief actually sought by the plaintiff.  Serio v. Members of the Louisiana State Board of Pardons, 821 F.2d 1112 (5th Cir. 1987).  In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the United States Supreme Court held that a challenge by a prisoner to the fact or duration of his confinement, and seeking an immediate or earlier release from that confinement, must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action.  In the instant case, the plaintiff contends that his confinement is wrongful and that this Court should act to correct same.  It is clear, therefore, that the plaintiff's claim is one challenging the fact or duration of his confinement and that he must pursue this claim through habeas corpus channels.  Accordingly, the plaintiff's Complaint, brought as a civil rights action under 42 U.S.C. § 1983, is subject to dismissal for this reason.[1]

Further, to the extent that the plaintiff is seeking an Order compelling the defendants, all located in the State of Virginia, to produce documents to the Louisiana Parole Board, this claim is not properly before this Court.  Not only are the defendants outside of the jurisdiction of this Court, making venue improper in this District, but the United States District Court lacks jurisdiction to review actions in the nature of mandamus to compel state officers or employees to perform duties

---

[1] A review of the records of this Court reflects that the plaintiff has previously filed a habeas corpus application in this Court, which application has been dismissed.  See Michael Wayne Turner v. Cornel Hubert, et al., Civil Action No. 07-0794-C-M2.

allegedly owed to the plaintiff. Rothstein v. Montana State Supreme Court, 637 F.Supp. 177 (D.Mont. 1986); 28 U.S.C. § 1361. Accordingly, it is clear that the plaintiff's claims are frivolous as a matter of law and must be dismissed.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as legally frivolous, without prejudice to any rights he may have to pursue habeas corpus relief in a separate proceeding.[2]

Signed in Baton Rouge, Louisiana, on June 2, 2010.

*[signature]*

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[2] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."